Following a brief hearing on July 31, 2017, a District Court judge extended for one year a harassment prevention order, issued pursuant to G. L. c. 258E, against the defendant. He appeals, claiming that there was insufficient evidence to show that the messages at issue were harassing and that the plaintiff was not the intended recipient of the messages. We agree and vacate the order.
"In reviewing a civil harassment order under G. L. c. 258E, we consider whether the judge could find, by a preponderance of the evidence, together with all permissible inferences, that the defendant committed acts that constituted one of the enumerated forms of harassment." A.S.R. v. A.K.A., 92 Mass. App. Ct. 270, 274 (2017). As defined in G. L. c. 258E, § 1, inserted by St. 2010, c. 23, harassment is "[three] or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that does in fact cause fear, intimidation, abuse or damage to property."[2] See Gassman v. Reason, 90 Mass. App. Ct. 1, 7-8 (2016). "The plaintiff bears the burden of proving that each of the three qualifying acts was maliciously intended." A.T. v. C.R., 88 Mass. App. Ct. 532, 535 (2015).
Here, in her complaint for protection from harassment, the plaintiff indicated that she had suffered harassment from September of 2015, to July 15, 2016, the date of her complaint. In support of her complaint, she submitted an affidavit stating, in full:
"For the past 10 months [the defendant] has been leaving nasty crude and borderline threatening messages on my husband['s] ... cell phone. We have blocks on our cell phones however he is now calling our landline via (text to landline) all hours day and night with these messages. We did try to block home [number] but not able to through Verizon. It is very unsettling ... due to his mental state."
The order was granted ex parte on July 15, 2016. At the extension hearing on August 1, 2016, the plaintiff appeared, but the defendant did not, and the order was extended until July 31, 2017. At the extension hearing on July 31, 2017, both parties were present. The plaintiff testified only that she was a friend of the defendant's former wife. She did not present any additional information about the content of the messages or their effect on her. Nevertheless, the judge found that the plaintiff had satisfied her burden and, "given the history of the situation," it was best to extend the order until July 30, 2018. When the defendant inquired as to what evidence supported the judge's decision, the judge twice responded, "It's in the file."
On these facts, the basis on which the judge extended the order cannot be discerned. In its entirety, the record contains the complaint and affidavit for the harassment prevention order, the order itself, the extension order, and the hearing transcript. Absent from the record are any description or copies of messages sent from the defendant to the plaintiff or her husband. Without additional information, the plaintiff has not established three distinct incidents to constitute harassment as defined in § 1. As such, the plaintiff failed to meet her burden.
Accordingly, the order entered on July 31, 2017, extending the harassment prevention order is vacated.[3]
So ordered.
Vacated.

There is a second definition contained within § 1, involving forcible sexual relations and certain enumerated sexual offenses, however, this definition is not relevant to the facts of this case. See F.A.P. v. J.E.S., 87 Mass. App. Ct. 595, 599 (2015). Unless otherwise noted, we refer to the first definition when referring to § 1.

Because we find that the order entered on July 31, 2017, was not supported by sufficient evidence, we need not reach the defendant's additional arguments, i.e., whether the messages were harassing or whether they were intended for the plaintiff or her husband.